IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARVIS McDAVID, #1785-10 | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-1004-B-BK |
| | ) | |
| JOHNNY BROWN, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

This is a civil rights action brought by Jarvis McDavid, prisoner in the Wayne McCollum Detention Center, Waxahachie, Texas, under 42 U.S.C. § 1983. Defendants are (1) Sheriff Johnny Brown; (2) Joe F. Grubbs, district attorney with the Ellis County District Attorneys' Office; (3) Hon. Gene Knize, a judge for the 40th Judicial District Court of Texas; (4) Alfred Mims, Ellis County Director of Probation; and (5) Richard Rodriguez, Ellis County Assistant Director of Probation. According to the records of the Ellis County Court, Plaintiff is serving two eight-year suspended sentences on drug possession charges, and he is scheduled for a probation revocation hearing in the 40th Judicial District Court on August 4, 2010.

Plaintiff alleges in his complaint and responses to the Court's questionnaire essentially

two unrelated causes of action.[1] In the first, he claims that Sheriff Brown illegally authorized the opening of two pieces of Plaintiff's legal mail outside of Plaintiff's presence. (Doc. 1 at 3-4; Doc. 5 at 3, 5). In his second cause of action, he alleges that District Attorney Grubbs sought and executed a warrant for his arrest, which Judge Knize negligently issued, even though Grubbs knew there were no grounds to move for revocation of Plaintiff's community supervision. (Doc. 1 at 3; Doc. 5 at 6). With regard to Mims, Plaintiff contends that he failed to act on the deprivation of Plaintiff's constitutional rights when he allowed his subordinate, Rodriguez, to tell another probation officer that Plaintiff was a drug dealer who did not need to be around people who "really needed help." (Doc. 1 at 3-4; Doc. 5 at 7). Finally, Plaintiff contends that Rodriguez violated his civil rights when he filed a motion to revoke Plaintiff's community supervision instead of allowing Plaintiff to enter a drug offender treatment program. (*Id.*). In his statement for relief, Plaintiff requests that this Court "serve justice in Ellis Co." (Doc. 1 at 4).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). (Doc. 3). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

---

[1] While the court could add or drop a party to the case, or sever the claims altogether, under FED.R.CIV.P. 21, misjoinder of parties is not a ground for dismissing an action. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010). Because the undersigned has determined that the claims are frivolous and should be dismissed on that basis, the district court need not consider severing the claims or parties.

(1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

### III. SECTION 1983 CLAIMS

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**A. Sheriff Brown**

Plaintiff contends that Sheriff Brown must have authorized the opening of his privileged mail because Sheriff Brown's subordinates opened the mail. (Doc. 5 at 5). He asserts that the first instance of such behavior was negligent, but the second instance was deliberate. (Doc. 5 at 3, 5). Constitutional concerns are not implicated by the *negligent* acts of an official, however. *Daniels v. Williams*, 474 U.S. 327, 328, 330-32 (1986) (due process context); *Jackson v. Procunier*, 789 F.2d 307, 312 (5th Cir. 1986) (First Amendment access to courts context). Further, conclusory allegations are insufficient to prevent the dismissal of a section 1983 action. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (noting that conclusory statement in a complaint that a private attorney had conspired with a state actor to deprive the plaintiff of his constitutional rights was insufficient to withstand dismissal of a section 1983 suit for failure to state a claim). Finally, supervisory officials are not liable under section 1983 for the actions of their subordinates under a theory of vicarious liability. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

To the extent Plaintiff alleges that one piece of his legal mail was opened negligently, that allegation fails to state a claim for relief under section 1983 and should be dismissed as frivolous. *See, e.g., Jackson*, 789 F.2d at 312. Further, because Plaintiff makes only a conclusory assertion that Sheriff Brown must have authorized the second illegal opening of his mail because the mail was, in fact, opened, his claim against Sheriff Brown should be dismissed as frivolous. *Mills*, 837 F.2d at 679. Finally, absent his direct involvement in the acts in question, which Plaintiff has not sufficiently alleged, Sheriff Brown cannot be held responsible for the purportedly illegal acts of his subordinates. *Thompson*, 709 F.2d at 382.

**B. Eleventh Amendment Immunity for Defendants Grubbs, Knize, Mims, and Rodriguez**

Plaintiff's remaining claims relate to the pending state court proceeding to revoke his term of community supervision. He complains, in turn, about the actions of the prosecutor, judge, and probation office employees in pursuing the revocation and his related arrest. (Doc. 1 at 3-4; Doc. 5 at 6-7). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. section 1983. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). The Eleventh Amendment also bars a suit against a state official when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citations omitted). Thus,

> [t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.

*Id.* (citations omitted).

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to

4

Eleventh Amendment immunity, holding that the Eleventh Amendment does not bar a suit against a state official to enjoin his enforcement of an allegedly unconstitutional law. *American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of section 1983 must be brought against individuals in their official capacities as agents of the state, and the relief sought must be either declaratory or injunctive in nature as well as prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

In this case, Plaintiff has sued various individual state officers, but given the allegations against them, it is clear that the state is the real party in interest. *Pennhurst*, 465 U.S. at 101-02. Moreover, Plaintiff in his prayer for relief, requests only that this Court "serve justice in Ellis Co.," which the Court liberally construes to be a request for prospective injunctive relief in relation to his pending probation revocation hearing. (Doc. 1 at 4); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings); *Saltz*, 976 F.2d at 968. Under the rule set out by the United States Supreme Court in *Younger v. Harris*, however, federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971). Thus, Plaintiff's constitutional claims against these Defendants should be dismissed as frivolous based on *Younger* abstention.

Finally, even if Plaintiff's probation ultimately is revoked at his August state court hearing, any injunctive relief this Court could consider in that regard would involve an assessment of the legality of Plaintiff's confinement, and such a challenge may only be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release). Accordingly, the complaint against Defendants Grubbs, Knize, Mims, and Rodriguez should be dismissed as frivolous.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily DISMISSED as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

Signed this 27th day of July, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE